UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO:

| | |
|---|---|
| KATHLEEN ROBERT and DENNIS ROBERT, Plaintiffs, | ) ) ) ) ) |
| v. | ) ) |
| LOWE'S HOME IMPROVEMENT WAREHOUSE, Defendant. | ) ) ) ) ) ) |

## NOTICE OF REMOVAL

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

### A. INTRODUCTION

Pursuant to 28 U.S.C. § 1446(a), defendant Lowe's Home Improvement Warehouse hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332 and 1441(a) and state the following grounds for removal:

1. On May 18, 2005, an action styled and captioned as above and assigned Civil Action No. 2005-00517 was filed against the defendant in the Hampden Superior Court. Copies of the Summons and Complaint are attached as Exhibit "A."

2. In this action, the plaintiff, Kathleen Robert has asserted claims against Lowe's Home Improvement Warehouse for negligent manufacture, design sale, failure to warn, breach of warranty and violation of Mass. Gen. Laws ch. 93A. Plaintiff, Dennis Robert has asserted claims against Lowe's Home Improvement Warehouse for loss of consortium, negligent infliction of emotional distress and violation of Mass. Gen. Laws ch. 93A.

953261v1

3. Plaintiff served the Summons and Complaint upon the defendant on or about May 18, 2005.

4. On June 7, 2005, defendant filed its Answer and Jury Claim to the plaintiffs' Complaint. See Answer attached as Exhibit "B."

5. The Summons and Complaint, constitute all process, pleadings and orders served on the removing defendant to date in this action.

6. This Notice of Removal of the case to the United States District Court is filed by the removing defendant within 30 days of both the date on which service was made and the date on which the removing defendant received the Summons and Complaint. Accordingly, this removal petition is filed in a timely manner pursuant to the provisions of 28 U.S.C. § 1446(b). See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48, 119 S. Ct. 1322, 1325 (1999). The removing defendants have provided written notice as required by 28 U.S.C. § 1446(d) to the adverse party and clerk of the state court in which this case was initially filed.

B. **GROUNDS FOR REMOVAL**

1. Jurisdiction exists over this removed action pursuant to 28 U.S.C. § 1441 because this action could originally have been filed in this Court pursuant to 28 U.S.C. § 1332(a)(1) on the basis that there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.

   a. The defendant, Lowe's Home Centers, Inc., is a North Carolina corporation with its principal place of business in Wilkesboro, North Carolina.

   b. The plaintiffs, Kathleen and Dennis Robert, based on their Complaint, are individuals residing in Chicopee, Massachusetts.

C.  **AMOUNT IN CONTROVERSY EXCEEDS $75,000**

Based on the $3,000,000 demand for settlement made by the plaintiffs, the amount in controversy exceeds $75,000. A copy of the demand letter is attached as Exhibit "C."

D.  **VENUE ALLEGATIONS**

Pursuant to 28 U.S.C. § 106 and § 1446(a) and (b), the state court action which was commenced in the Hampden Superior Court, may be removed to this Federal District Court which embraces Hampden County.

WHEREFORE, the removing defendant request that the action pending in the Hampden County, be removed therefrom to this Court and proceed as an action properly removed to this Court.

> Respectfully Submitted By,
>
> Counsel for Defendant,
> Lowe's Home Improvement Warehouse
> By its attorneys,
>
> _[signature]_
> Thomas C. Federico, BBO #160830
> Grace V. Bacon, BBO #640970
> Morrison Mahoney LLP
> 250 Summer Street
> Boston, MA 02210-1181
> (617) 439-7500

> I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail (by hand) on ____

953261v1

3

**STORE COPY**
RETAIN IN STORE FILE

**STORE COPY**
RETAIN IN STORE FILE

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER

## COMMONWEALTH OF MASSACHUSETTS

COPY

HAMPDEN, ss.

SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CIVIL ACTION
NO.

KATHLEEN ROBERT & DENNIS ROBERT, PLAINTIFF(S)

v.

LOWE'S HOME IMPROVEMENT WAREHOUSE, DEFENDANT(S)

**SUMMONS**

A TRUE COPY ATTEST

DEPUTY SHERIFF HND.CTY

To the above named defendant: Officer, Director or Managing Agent of LOWE'S HOME IMPROVEMENT WAREHOUSE

You are hereby summoned and required to serve upon Charles J. Enns, Esquire, plaintiff's attorney, whose address is 850 High St., Second Flr. Holyoke, MA, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Springfield either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, BARBARA J. ROUSE, ESQUIRE at Springfield the ___11th___ day of ___May___ in the year of our Lord two thousand four.

_Marie G. Mazza_
Clerk / Magistrate

**NOTICE TO DEFENDANT** -- You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM No.1

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, SS.                                       SUPERIOR COURT
                                                   DEPT OF THE TRIAL COURT
                                                   DOCKET NO.

KATHLEEN ROBERT AND          )
DENNIS ROBERT                )
         Plaintiffs          )
                             )    PLAINTIFFS' COMPLAINT AND
vs.                          )    REQUEST FOR TRIAL BY JURY
                             )
LOWE'S HOME IMPROVEMENT      )
WAREHOUSE,                   )
         Defendant           )

## I PARTIES

1. The Plaintiff, Kathleen Robert is a natural person residing at 28 Dunn St., Chicopee, Hampden County, Massachusetts.

2. The Plaintiff, Dennis Robert is a natural person residing at 28 Dunn St., Chicopee, Hampden County, Massachusetts.

3. The Defendant, Lowe's Home Improvement Warehouse, is a duly organized business entity conducting business in the Commonwealth of Massachusetts at 1540 Boston Rd., Springfield, Hampden County Massachusetts.

## II
## NEGLIGENT MANUFACTURE, DESIGN, SALE, FAILURE TO WARN
[Kathleen Robert vs. Lowe's Home Improvement Warehouse.]

4. On or about July 26, 2004 the Plaintiff, Kathleen Robert suffered severe injuries when she was injured by a defective garden swing designed, manufactured, or sold by this Defendant. The garden swing is identified as a "Garden Treasures Classics", "Siena Garden Swing" item number 213735.

5. The injuries sustained by the Plaintiff were caused directly and proximately by the negligent design, manufacturer and/or sale of the garden swing.

6. This Defendant owed a duty to the Plaintiff to exercise reasonable care to prevent injury to the Plaintiff, including the duty to warn of foreseeable dangers attendant with the proper and intended use of the garden swing including a duty to warn of the proper use and assembly of the garden swing and to provide reasonably proper and correct assembly instructions.

7. The injuries sustained by the Plaintiff were caused directly and proximately by the negligent failure of the Defendant to provide reasonable warnings to adequately notify the Plaintiff or others of the dangers attendant with the use of the garden swing, dangers known or reasonably foreseeable by the Defendant and/or the failure of the Defendant to provide reasonably proper and correct assembly instructions.

8. As a result of the Defendant's negligence as aforealleged, the Plaintiff has suffered and will continue to suffer severe and permanent injuries, suffered and will continue to suffer from both mental and physical pain, incurred expenses for medical attention, and has incurred and will continue to incur loss of earnings and was otherwise damage.

WHEREFORE, the Plaintiff, Kathleen Robert, demands judgment of the Defendant, Lowe's Home Improvement Warehouse, plus interest and cost.

### III.
### BREACH OF WARRANTY
[Kathleen Robert vs. Lowe's Home Improving Warehouse]

9. The Plaintiff hereby incorporates by reference, adopts, and re-alleges every allegation contained in paragraphs 1 through 8 inclusive of this Complaint as if originally stated herein.

10. The injuries suffered by the Plaintiff were caused by Lowe's Home Improvement Warehouse's breach of warranty in that the garden swing designed, sold, distributed, supplied and/or provided to the Plaintiff by the Defendant was not fit for the purpose intended and/or not of merchantable quality.

11. The Plaintiff gave the Defendant seasonable, reasonable notice of said breaches of warranty.

WHEREFORE, Plaintiff, Kathleen Robert, demands judgment of the Defendant, Lowe's Home Improvement Warehouse plus Interest and cost.

### IV
### LOSS OF CONSORTIUM
[Dennis Robert vs. Lowe's Home Improvement Warehouse.]

12. The Plaintiff, Dennis Robert hereby incorporates by reference, adopts, and re-alleges every allegation contained in paragraphs 1 through 11 inclusive of this Complaint as if originally stated herein.

13. Dennis Robert at all times pertinent to the incident alleged in this Complaint was and is the husband of Kathleen Robert.

14. As a direct result of the injuries suffered by Kathleen Robert, Dennis Robert has suffered loss of consortium, companionship, and society of his wife Kathleen Robert.

WHEREFORE, by reason of his losses as a result of the negligence and breach of warranty of the Defendant, Lowe's Home Improvement Warehouse as aforealleged, Dennis Robert demands judgment of the Defendant plus interest and cost.

## V
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
[Dennis Robert vs. Lowe's Home Improvement Warehouse]

15. The Plaintiff, Dennis Robert hereby incorporates by reference, adopts, and re-alleges every allegation contained in paragraphs 1 through 14 inclusive of this Complaint as if originally stated herein.

16. Dennis Robert was present at the time of the alleged incident and present in the hospital shortly after the alleged incident. He then became emotionally distressed and suffered accompanying physical injuries.

17. As a direct and proximate result of the Defendant's negligence and breach of warranty as aforealleged, Dennis Robert has suffered and will continue to suffer emotional distress.

WHEREFORE, Dennis Robert demands judgment of Lowe's Home Improvement Warehouse plus interest and cost.

## VI
## VIOLATION OF M.G.L. c. 93A
[Kathleen Robert and Dennis Robert vs. Lowe's Home Improvement Warehouse]

18. The Plaintiffs hereby incorporate by reference, adopt and re-allege every allegation contained in paragraphs 1 through 17 inclusive of this Complaint as if originally stated herein.

19. The Defendant is engaged in trade and or commerce within the Commonwealth of Massachusetts.

20. The Defendant's breach of warranty in the manufacture, design, sale and distribution and supply of the garden swing as aforealleged constitutes a knowing and willful violation of M.G.L. c. 93A in that product failed to perform or fulfill promises or obligations arising under a warranty.

27. The Plaintiff has mailed to the Defendant a demand letter as required by M.G.L. c. 93A (a copy of said demand letter is attached hereto marked Exhibit A).

28. The Defendant has failed to tender a reasonable offer of settlement in response to the demand letter.

29. Therefore, the Defendant has engaged and continues to engage in knowing and willful violations of M.G.L. c. 93A.

WHEREFORE, Plaintiffs Kathleen Robert and Dennis Robert demand judgment of the Defendant, including actual and multiple damages pursuant to M.G.L. c. 93A, attorney's fees, costs, interest and whatever other relief this court deems just and fair.

THE PLAINTIFFS REQUEST TRIAL BY JURY ON ALL COUNTS.

THE PLAINTIFF
BY THEIR ATTORNEYS
LUKAKIS & EMMA

Dated: 5-11-05

Charles Y. Emma, Esquire
850 High Street, Second Floor
Holyoke, MA 01040
BBO #542126
(413) 536-7990

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, SS

SUPERIOR COURT
DOCKET NO: 2005-00517

KATHLEEN ROBERT and
DENNIS ROBERT,
    Plaintiffs,

v.

LOWE'S HOME IMPROVEMENT
WAREHOUSE,
    Defendant.

## DEFENDANT, LOWE'S HOME IMPROVEMENT WAREHOUSE'S ANSWER AND JURY DEMAND

Defendant, Lowe's Home Improvement Warehouse ("Lowe's"), responds to the plaintiffs' Complaint paragraph by paragraph as follows:

### I.    PARTIES

1. Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

2. Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2.

3. Denied.

### II.    NEGLIGENT MANUFACTURE, DESIGN, SALE, FAILURE TO WARN
(Kathleen Robert v. Lowe's Home Improvement Warehouse)

4. Denied.

5. Denied.

6. Denied.

953264v1

7. This paragraph calls for a legal conclusion for which no response is required. To the extent that a response is required, Lowe's denies all allegations.

8. Denied.

WHEREFORE, defendant denies that the plaintiff is entitled to relief in any amount.

### III.   BREACH OF WARRANTY
(Kathleen Robert v. Lowe's Home Improvement Warehouse)

9. Lowe's repeats and realleges its responses to Paragraphs 1 through 8 as if set forth in full herein.

10. Denied.

11. Denied.

WHEREFORE, defendant denies that the plaintiff is entitled to relief in any amount.

### IV.   LOSS OF CONSORTIUM
(Dennis Robert v. Lowe's Home Improvement Warehouse)

12. Lowe's repeats and realleges its responses to Paragraphs 1 through 11 as if set forth in full herein.

13. Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.

14. Denied.

WHEREFORE, defendant denies that the plaintiff is entitled to relief in any amount.

### V.   NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
(Dennis Robert v. Lowe's Home Improvement Warehouse)

15. Lowe's repeats and realleges its responses to Paragraphs 1 through 14 as if set forth in full herein.

16. Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16.

953264v1

17. Denied.

WHEREFORE, defendant denies that the plaintiff is entitled to relief in any amount.

### VI. VIOLATION OF MASS. GEN. LAWS CH. 93A
(Kathleen Robert and Dennis Robert v. Lowe's Home Improvement Warehouse)

18. Lowe's repeats and realleges its responses to Paragraphs 1 through 17 as if set forth in full herein.

19. This paragraph calls for a legal conclusion for which no response is required. In further answering, Lowe's admits that it does business in Massachusetts.

20. Denied.

27 [sic]. Denied.

28 [sic]. Denied.

29 [sic]. Denied.

WHEREFORE, defendant denies that the plaintiffs are entitled to relief in any amount.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Lowe's denies each and every allegation of plaintiffs' Complaint except as specifically admitted above.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs have misnamed the defendant.

### FOURTH AFFIRMATIVE DEFENSE

Lowe's is guilty of no negligence.

953264v1

## FIFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Lowe's says that if the plaintiff suffered damages as alleged, someone for whose conduct this defendant was not and is not legally responsible caused such damages.

## SIXTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Lowe's says that the negligence of the plaintiff was greater than the alleged negligence of Lowe's and that such negligence of the plaintiff contributed to her alleged injuries and, therefore, the plaintiffs are barred from recovery under Mass. Gen. Laws ch. 231, § 85.

## SEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Lowe's says the plaintiffs are guilty of contributory negligence and that the damages, if any, recovered by the plaintiffs from Lowe's should be reduced in proportion to the said negligence of the plaintiffs in accordance with Mass. Gen. Laws ch. 231, § 85.

## EIGHTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Lowe's states that if the plaintiffs suffered injuries, such injuries were a result of the plaintiffs' breach of their duty to exercise due care to protect and ensure their own safety.

## NINTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Lowe's states that the damage alleged by the plaintiffs was caused in whole or in party by the negligence of the plaintiffs.

### TENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Lowe's states that if the plaintiffs were injured as alleged, such injuries were due to the acts or negligence of another, which constitutes an intervening, superceding cause, and therefore Lowe's is not liable.

### ELEVENTH AFFIRMATIVE DEFENSE

The product involved in this action was changed in substance and form after it left the control of the defendant, either by the plaintiffs or by one for whose conduct the defendant is not responsible, and such changes were the actual causes of the plaintiffs' injuries and damage.

### TWELFTH AFFIRMATIVE DEFENSE

The plaintiffs failed to give due notice to the defendants of the alleged breach of warranty as required by law, and the defendants were prejudiced thereby; wherefore, the plaintiffs cannot recover.

### THIRTEENTH AFFIRMATIVE DEFENSE

The product involved in this action was abused and misused after it left the control of the defendant by the plaintiffs or by someone or something for whose conduct the defendant is not responsible, and such abuse and misuse was the actual causes of the plaintiffs' injuries and damage.

### FOURTEENTH AFFIRMATIVE DEFENSE

Any alleged warranty or warranties were excluded or never made.

### FIFTEENTH AFFIRMATIVE DEFENSE

The plaintiffs' alleged injuries and damages were not proximately caused by the defendant.

### SIXTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant says that it has no liability to the plaintiff for the reason that the warranty which the plaintiff alleges was breached and excluded by the defendant and never made to the plaintiff.

### SEVENTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant says that the plaintiffs have failed to comply with the conditions precedent to bringing an action pursuant to Mass. Gen. Laws ch. 93A.

### EIGHTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Complaint fails to state a claim against the defendant upon which relief can be granted in that the plaintiffs are not entitled to recovery under Mass. Gen. Law ch. 93A.

### NINETEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant says that its products were adequately labeled and contained appropriate warnings.

### TWENTIETH AFFIRMATIVE DEFENSE

Lowe's reserves the right to add such other and further defenses as become apparent in the course of discovery.

## JURY CLAIM

DEFENDANT DEMANDS A TRIAL BY JURY AS TO ALL ISSUES.

Respectfully Submitted By,

Counsel for Defendant,
Lowe's Home Improvement Warehouse
By its attorneys,

_____
Thomas C. Federico, BBO #160830
Grace V. Bacon, BBO #640970
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210-1181
(617) 439-7500

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail (by hand) on 6/7/05
_____

7

953264v1

SEP 2 1 2004

GMK
via Inter-Company Mail

## CHARTIER, OGAN, BRADY, LUKAKIS & EMMA
### ATTORNEYS AT LAW

850 HIGH STREET, SUITE 4
HOLYOKE, MASSACHUSETTS 01040-3723
TELEPHONE (413) 536-1395
FAX (413) 532-9583
e-MAIL info@coblse.com

65 EAST STREET
LUDLOW, MASSACHUSETTS 01056
(413) 547-2501

JACOB OGAN (1895-1930)
LOUIS Y. CHARTIER (1912-1993)
NORMAN OGAN (1922-2001)
JANE M. BARTELO (1950-1994)

PETER F. BRADY
MICHAEL J. LUKAKIS
CHARLES J. EMMA*
MICHAEL T. SARNACKI
WILLIAM E. ROONEY

*Also Admitted in New Hampshire

Respond to Holyoke Address

September 9, 2004

L.G. Sourcing, Inc.
P.O. Box 1535
North Wilkesboro, N.C. 28659

RE: My Client: Kathleen Robert

Dear Sir/Madam:

Please be advised that this office represents Kathleen Robert who resides at 28 Dunn Street, Chicopee, MA. Please consider this a demand for relief pursuant to M.G.L. c. 93A, the Massachusetts Consumer Protection Act.

On or about July 26, 2004, 51 year-old Kathleen Robert sustained severe personal injuries when she was injured by a defective garden swing sold by Lowe's of 1540 Boston Road, Springfield, MA. The garden swing, purchased on September 2, 2003 is identified as a "Garden Treasures Classics", "Sienna Garden Swing", Item Number 213735. The garden swing in question was designed, manufactured, and/or sold by L.G. Sourcing, Inc. The defects include, among other things, a design defect. Specifically, the swing is unreasonably unstable because of a defective design pertaining to the attachment of the rope connectors to the seat. Such a design causes the swing to be unreasonably unstable and to flip backward. This is what happened to Mrs. Robert when she sat upon the swing and it slipped backward causing her serious injury. Please note that the swing is distributed L.G. Sourcing, Inc. of P.O. Box 1535, North Wilksboro, North Carolina, 28659.

Massachusetts law provides that as the distributor of the defective product, L.G. Sourcing, Inc. is jointly and severably liable to Mrs. Robert. Moreover, L.G. Sourcing, Inc. owed a duty to Mrs. Robert to exercise reasonable care to prevent injury to her including the duty to warn a foreseeable dangers attendant with the proper an intended use of the garden swing. Mrs. Robert's injuries were caused directly and proximately by the negligent failure of L.G. Sourcing, Inc. to provide reasonable warning to adequately notify users of the garden swing of dangers known or reasonably foreseeable by L.G. Sourcing, Inc., particularly respecting dangers

associated with the garden swing flipping over backward.

The garden swing in question, identified above, is devoid of any warnings or labels notifying users of the propensity of the swing to flip backward. The tragedy occurred when Mrs. Robert leaned upon the back of the garden swing and it flipped over causing her to sustain severe head, facial, and spinal injuries.

In addition to the negligent insufficiencies of the lack of warning labels as set forth above, the failure to provide an adequate warning constitutes a breach of the implied warranty of merchantability. Additionally, design defects, such as that indicated above, also constitute a breach of the implied warranty of merchantability. By definition, a warning is adequate if it is one that would come to the user's attention in the ordinary course. Conversely, a warning is insufficient if because of its location, size of print, verbiage employed, or otherwise it does not adequately notify users of the product's attendant dangers. In this particular case, the porch swing was devoid of any warnings. Under Massachusetts law "defective" products are in breach of the warranty of merchantability. Products may be defective because of defective packaging, defective labeling, defective warnings, or design defects. Moreover, any breach of warranty, including breach of the implied warranty of merchantability, constitutes a violation of Massachusetts General Laws Chapter 93A, the Massachusetts Consumer Protection Act. "It shall be an unfair or deceptive act or practice to fail to fulfill any promise or obligation under a warranty…." 940 C.M.R. sec 308 (2) (1978).

The foregoing establishes the inadequacy of the packaging, inadequacy of any labeling or warnings, and therefore, the product is in breach of the implied warranty of merchantability. Moreover, the location of the rope connectors limited only to the seat of the garden swing caused it to flip backward in an unstable and unreasonably safe manner. The design defect is an additional breach of the implied warranty of merchantability.

As a direct result thereof, Kathleen Robert sustained severe injuries. Her pain and suffering, past, present, and future is significant. Without limitation, demand is hereby made for the sum of $ 3,000,000.00 as actual damages to compensate Kathleen Robert for her losses and damages.

Please be advised that unless the demands made herein are tendered within thirty (30) days of your receipt of this letter, a lawsuit will be filed against L.G. Sourcing, Inc. seeking to recover not only actual damages incurred, but in addition multiple damages, attorney's fees, costs, all as contemplated by M.G.L. c. 93A because of the willful and intentional misconduct of L.G. Sourcing, Inc.

Respectfully Submitted,
Kathleen Robert,
By Her Attorney,

Charles J. Emma, Esquire

CJE:cms
Cc: Mrs. Robert
SENT CERTIFIED MAIL – RETURN RECEIPT REQUESTED
NO. 7003 1010 0003 0442 7831

Visit our WEB Site at www.coblsc.com

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Kathleen Robert and Dennis Robert

## DEFENDANTS
Lowe's Home Improvement Warehouse

(b) County of Residence of First Listed Plaintiff **Hampden**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

FILED IN CLERK'S OFFICE
2005 JUN -7 P 3:49
U.S. DISTRICT COURT
DISTRICT OF MASS

(c) Attorney's (Firm Name, Address, and Telephone Number)
Charles J. Emma, Esq.    413-536-1395
850 High St., Suite 4, Holyoke, MA 01040

Attorneys (If Known)
Thomas C. Federico, Esq.
Grace V. Bacon, Esq.
617-439-7500

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — ☐ 310 Airplane | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 330 Federal Employers' Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | **PERSONAL INJURY** — ☐ 362 Personal Injury - Med. Malpractice | **LABOR** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | | ☒ 365 Personal Injury - Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | **PERSONAL PROPERTY** — ☐ 370 Other Fraud | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 380 Other Personal Property Damage | ☐ 790 Other Labor Litigation | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 385 Property Damage Product Liability | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | **PRISONER PETITIONS** | **SOCIAL SECURITY** | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 510 Motions to Vacate Sentence | ☐ 861 HIA (1395ff) | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | **Habeas Corpus:** ☐ 530 General | ☐ 862 Black Lung (923) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 535 Death Penalty | ☐ 863 DIWC/DIWW (405(g)) | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 864 SSID Title XVI | |
| | | ☐ 550 Civil Rights | ☐ 865 RSI (405(g)) | |
| | | ☐ 555 Prison Condition | **FEDERAL TAX SUITS** ☐ 870 Taxes (U.S. Plaintiff or Defendant)  ☐ 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN (Place an "X" in One Box Only)
☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**28 U.S.C. Sec. 1446(a)**
Brief description of cause: **Personal injury**

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE  6/1/05
SIGNATURE OF ATTORNEY OF RECORD  /s/ _____

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Kathleen Robert v. Lowe's Home Improvement Warehouse__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ☒ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   None

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☐   NO ☒

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☐    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐    Central Division ☐    Western Division ☒

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Thomas C. Federico, Esquire  Grace V. Bacon, Esquire__
ADDRESS __Morrison Mahoney, 250 Summer St., Boston, MA 02210__
TELEPHONE NO. __617-439-7500__

(CategoryForm.wpd - 5/2/05)