MAS-20041213 Case 3:05-cv-30134-MAP Document 2 Filed 06/28/2005 Page 1 of 18 06/23/2005
marlowta Commonwealth of Massachusetts 01:34 PM
HAMPDEN SUPERIOR COURT
Case Summary
Civil Docket

CA 05-30134-MAP

## HDCV2005-00517
### Robert et al v Lowe's Home Improvement Warehouse

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 05/18/2005 | **Status** | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 06/09/2005 | **Session** | B - Civil B - CtRm 5 | | |
| **Origin** | 1 | **Case Type** | B05 - Products liability | | |
| **Lead Case** | | **Track** | A | | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 08/16/2005 | **Answer** | 10/15/2005 | **Rule12/19/20** | 10/15/2005 |
| **Rule 15** | 08/11/2006 | **Discovery** | 07/07/2007 | **Rule 56** | 09/05/2007 |
| **Final PTC** | 01/03/2008 | **Disposition** | 05/17/2008 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Kathleen Robert
Active 05/18/2005

**Private Counsel 542126**
Charles J Emma
Lukakis & Emma
850 High Street Second Floor
Holyoke, MA 01040-3723
Phone: 413-536-7990
Fax: 413-536-7991
Active 05/18/2005 Notify

**Plaintiff**
Dennis Robert
Active 05/18/2005

*** See Attorney Information Above ***

**Defendant**
Lowe's Home Improvement Warehouse
Served: 05/18/2005
Answered: 06/07/2005
Answered 06/07/2005

**Private Counsel 640970**
Grace V Bacon
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210
Phone: 617-439-7500
Fax: 617-439-7590
Active 06/07/2005 Notify

**Private Counsel 160830**
Thomas C Federico
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210-1181
Phone: 617-439-7500
Fax: 617-439-7590
Active 06/07/2005 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 05/18/2005 | 1.0 | Complaint & civil action cover sheet filed |
| 05/18/2005 | | Origin 1, Type B05, Track A. |

Commonwealth of Massachusetts
HAMPDEN SUPERIOR COURT
Case Summary
Civil Docket

## HDCV2005-00517
### Robert et al v Lowe's Home Improvement Warehouse

| Date | Paper | Text |
|---|---|---|
| 05/23/2005 | 2.0 | SERVICE RETURNED: Lowe's Home Improvement Warehouse(Defendant). |
| 06/07/2005 | 3.0 | ANSWER: Lowe's Home Improvement Warehouse(Defendant) TO |
| 06/09/2005 | 4.0 | Case REMOVED this date to US District Court of Massachusetts with pleading numbers 1-6 |

**EVENTS**

A TRUE COPY OF THE DOCKET MINUTES IN WITNESS WHEREOF, I hereunto set my hand, and have caused the seal of the Superior Court for the County of Hampden to be affixed on the 23rd day of June, 2005

Tanya Marlow
Deputy Assistant Clerk

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, SS                                               SUPERIOR COURT
                                                          DOCKET NO: 2005-00517

KATHLEEN ROBERT and                )
DENNIS ROBERT,                     )
          Plaintiffs,              )        HAMPDEN COUNTY
                                   )        SUPERIOR COURT
                                   )              FILED
v.                                 )
                                   )           JUN -7 2005
                                   )
LOWE'S HOME IMPROVEMENT            )
WAREHOUSE,                         )        CLERK-MAGISTRATE
          Defendant.               )
                                   )
                                   )

## DEFENDANT, LOWE'S HOME IMPROVEMENT WAREHOUSE'S ANSWER AND JURY DEMAND

Defendant, Lowe's Home Improvement Warehouse ("Lowe's"), responds to the plaintiffs' Complaint paragraph by paragraph as follows:

### I. PARTIES

1. Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

2. Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2.

3. Denied.

### II. NEGLIGENT MANUFACTURE, DESIGN, SALE, FAILURE TO WARN
(Kathleen Robert v. Lowe's Home Improvement Warehouse)

4. Denied.

5. Denied.

6. Denied.

953264v1

7. This paragraph calls for a legal conclusion for which no response is required. To the extent that a response is required, Lowe's denies all allegations.

8. Denied.

WHEREFORE, defendant denies that the plaintiff is entitled to relief in any amount.

### III.    BREACH OF WARRANTY
(Kathleen Robert v. Lowe's Home Improvement Warehouse)

9. Lowe's repeats and realleges its responses to Paragraphs 1 through 8 as if set forth in full herein.

10. Denied.

11. Denied.

WHEREFORE, defendant denies that the plaintiff is entitled to relief in any amount.

### IV.    LOSS OF CONSORTIUM
(Dennis Robert v. Lowe's Home Improvement Warehouse)

12. Lowe's repeats and realleges its responses to Paragraphs 1 through 11 as if set forth in full herein.

13. Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.

14. Denied.

WHEREFORE, defendant denies that the plaintiff is entitled to relief in any amount.

### V.    NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
(Dennis Robert v. Lowe's Home Improvement Warehouse)

15. Lowe's repeats and realleges its responses to Paragraphs 1 through 14 as if set forth in full herein.

16. Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16.

953264v1

17. Denied.

WHEREFORE, defendant denies that the plaintiff is entitled to relief in any amount.

### VI. VIOLATION OF MASS. GEN. LAWS CH. 93A
(Kathleen Robert and Dennis Robert v. Lowe's Home Improvement Warehouse)

18. Lowe's repeats and realleges its responses to Paragraphs 1 through 17 as if set forth in full herein.

19. This paragraph calls for a legal conclusion for which no response is required. In further answering, Lowe's admits that it does business in Massachusetts.

20. Denied.

27 [sic]. Denied.

28 [sic]. Denied.

29 [sic]. Denied.

WHEREFORE, defendant denies that the plaintiffs are entitled to relief in any amount.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Lowe's denies each and every allegation of plaintiffs' Complaint except as specifically admitted above.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs have misnamed the defendant.

### FOURTH AFFIRMATIVE DEFENSE

Lowe's is guilty of no negligence.

## FIFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Lowe's says that if the plaintiff suffered damages as alleged, someone for whose conduct this defendant was not and is not legally responsible caused such damages.

## SIXTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Lowe's says that the negligence of the plaintiff was greater than the alleged negligence of Lowe's and that such negligence of the plaintiff contributed to her alleged injuries and, therefore, the plaintiffs are barred from recovery under Mass. Gen. Laws ch. 231, § 85.

## SEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Lowe's says the plaintiffs are guilty of contributory negligence and that the damages, if any, recovered by the plaintiffs from Lowe's should be reduced in proportion to the said negligence of the plaintiffs in accordance with Mass. Gen. Laws ch. 231, § 85.

## EIGHTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Lowe's states that if the plaintiffs suffered injuries, such injuries were a result of the plaintiffs' breach of their duty to exercise due care to protect and ensure their own safety.

## NINTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Lowe's states that the damage alleged by the plaintiffs was caused in whole or in party by the negligence of the plaintiffs.

## TENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Lowe's states that if the plaintiffs were injured as alleged, such injuries were due to the acts or negligence of another, which constitutes an intervening, superceding cause, and therefore Lowe's is not liable.

## ELEVENTH AFFIRMATIVE DEFENSE

The product involved in this action was changed in substance and form after it left the control of the defendant, either by the plaintiffs or by one for whose conduct the defendant is not responsible, and such changes were the actual causes of the plaintiffs' injuries and damage.

## TWELFTH AFFIRMATIVE DEFENSE

The plaintiffs failed to give due notice to the defendants of the alleged breach of warranty as required by law, and the defendants were prejudiced thereby; wherefore, the plaintiffs cannot recover.

## THIRTEENTH AFFIRMATIVE DEFENSE

The product involved in this action was abused and misused after it left the control of the defendant by the plaintiffs or by someone or something for whose conduct the defendant is not responsible, and such abuse and misuse was the actual causes of the plaintiffs' injuries and damage.

## FOURTEENTH AFFIRMATIVE DEFENSE

Any alleged warranty or warranties were excluded or never made.

## FIFTEENTH AFFIRMATIVE DEFENSE

The plaintiffs' alleged injuries and damages were not proximately caused by the defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant says that it has no liability to the plaintiff for the reason that the warranty which the plaintiff alleges was breached and excluded by the defendant and never made to the plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant says that the plaintiffs have failed to comply with the conditions precedent to bringing an action pursuant to Mass. Gen. Laws ch. 93A.

## EIGHTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Complaint fails to state a claim against the defendant upon which relief can be granted in that the plaintiffs are not entitled to recovery under Mass. Gen. Law ch. 93A.

## NINETEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant says that its products were adequately labeled and contained appropriate warnings.

## TWENTIETH AFFIRMATIVE DEFENSE

Lowe's reserves the right to add such other and further defenses as become apparent in the course of discovery.

# JURY CLAIM

DEFENDANT DEMANDS A TRIAL BY JURY AS TO ALL ISSUES.

Respectfully Submitted By,

Counsel for Defendant,
Lowe's Home Improvement Warehouse
By its attorneys,

_/s/ Grace V. Bacon_
Thomas C. Federico, BBO #160830
Grace V. Bacon, BBO #640970
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210-1181
(617) 439-7500

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail (by hand) on 6/27/05
_/s/ Grace V. Bacon_

A true copy:

Attest:

_James Marlow_
Deputy Assistant Clerk

951864v1

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT — MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER

# COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss.

HAMPDEN COUNTY
SUPERIOR COURT
FILED
MAY 23 2005
CLERK-MAGISTRATE

SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CIVIL ACTION
NO. 05-517

KATHLEEN ROBERT & DENNIS ROBERT, PLAINTIFF(S)

V.                                                     SUMMONS

LOWE'S HOME IMPROVEMENT WAREHOUSE, DEFENDANT(S)

To the above named defendant: **Officer, Director or Managing Agent of LOWE'S HOME IMPROVEMENT WAREHOUSE**

You are hereby summoned and required to serve upon **Charles J. Emma, Esquire**, plaintiff's attorney, whose address is **850 High St., Second Flr, Holyoke, MA**, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Springfield either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, **BARBARA J. ROUSE, ESQUIRE**, at Springfield the ____11th____ day of ____May____ in the year of our Lord two thousand four.

Clerk / Magistrate

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

A true copy.
Attest:

FORM No.1



Deputy Assistant Clerk

NOTICE TO DEFENDANT -- You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

## PROOF OF SERVICE OF PROCESS

 **Hampden County Sheriff's** • 1170 Main St. • P.O. Box 5005 • Springfield, MA 01101-5005 • (413) 732-57'2

Hampden, ss.

May 19, 2005

I hereby certify and return that on 5/18/2005 at 12:40 pm I served a true and attested copy of the SUMMONS, COMPLAINT, INTERROGATORIES & REQUEST FOR DOCUMENTS in this action in the following manner: To wit, by delivering in hand to BARRY BLANSHETT, person in charge at the time of service for LOWE'S HOME IMPROVEMENT, OFFICER, DIRECTOR OR MANAGING AGENT, 1540 BOSTON Road, SPRINGFIELD, MA 01129.Basic Service Fee ($30.00), Interogatories & Req.for Documents ($16.00), Travel ($2.56), Conveyance ($1.20), Mailing1 ($1.00) Total Charges $50.76

Deputy Sheriff  THOMAS J. FOLEY                                  _____
                                                                       **Deputy Sheriff**

### N.B. TO PROCESS SERVER:
PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN THIS BOX <u>ON THE ORIGINAL AND ON THE COPY SERVED ON DEFENDANT.</u>

```
(                              )
(              , 2004 )
(                              )
```

A true copy:

Attest:

_Janice Marlow_
~~Deputy~~ Assistant Clerk

2005 MAY 23 A 10: 27
HAMPDEN COUNTY
SUPERIOR COURT
CLERKS OFFICE

MAY 13 '05 08:31

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 05-517 | Trial Court of Massachusetts Superior Court Department County: HAMPDEN |
|---|---|---|
| PLAINTIFF(S) KATHLEEN ROBERT AND DENNIS ROBERT | | DEFENDANT(S) LOWE'S HOME IMPROVEMENT WAREHOUSE |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Charles J. Emma, Esquire of LUKAKIS & EMMA 850 High Street, Second Floor Holyoke, MA 01040 (413) 536-7990 Board of Bar Overseers number: 542126 | | ATTORNEY (if known) HAMPDEN COUNTY SUPERIOR COURT FILED MAY 18 2005 |

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s.97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B05 | Product Liability | (A) | (X) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
 1. Total hospital expenses ........................................................... $ 14,382.84+
 2. Total Doctor expenses ............................................................ $ 31,743.00+
 3. Total chiropractic expenses ..................................................... $ None
 4. Total physical therapy expenses ................................................. $ 54,308.20
 5. Total other expenses (describe) Out of Pocket Expenses/Co-payments ............. $ 325.00
    Subtotal $ 100,759.68+
B. Documented lost wages and compensation to date ..................................... $ Unknown
C. Documented property damages to date ................................................ $ None
D. Reasonably anticipated future medical and hospital expenses ....................... $ Unknown
E. Reasonably anticipated lost wages ............... +2,000,000 ................... $ Unknown
F. Other documented items of damages (describe)
    $ None
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
    Cervical fracutre resulting in paralysis, nasal fracture, knee and shoulder injuries.
    + $ None
    TOTAL $ 100,759.68

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

TOTAL $.

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____ DATE: May 11, 2005

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

A true copy:

   Attest:

         *Tanya Marlow*
   Deputy Assistant Clerk

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, SS.                                                    SUPERIOR COURT
                                                                DEPT OF THE TRIAL COURT
                                                                DOCKET NO.

                                    FILED
                                   MAY 18 2005                         05-517

KATHLEEN ROBERT AND         )
DENNIS ROBERT               )
        Plaintiffs          )
vs.                         )       PLAINTIFFS' COMPLAINT AND
                            )       REQUEST FOR TRIAL BY JURY
LOWE'S HOME IMPROVEMENT     )
WAREHOUSE,                  )
        Defendant           )

## I PARTIES

1. The Plaintiff, Kathleen Robert is a natural person residing at 28 Dunn St., Chicopee, Hampden County, Massachusetts.

2. The Plaintiff, Dennis Robert, is a natural person residing at 28 Dunn St., Chicopee, Hampden County, Massachusetts.

3. The Defendant, Lowe's Home Improvement Warehouse, is a duly organized business entity conducting business in the Commonwealth of Massachusetts at 1540 Boston Rd., Springfield, Hampden County Massachusetts.

## II
## NEGLIGENT MANUFACTURE, DESIGN, SALE, FAILURE TO WARN
[Kathleen Robert vs. Lowe's Home Improvement Warehouse.]

4. On or about July 26, 2004 the Plaintiff, Kathleen Robert suffered severe injuries when she was injured by a defective garden swing designed, manufactured, or sold by this Defendant. The garden swing is identified as a "Garden Treasures Classics", "Siena Garden Swing" item number 213735.

5. The injuries sustained by the Plaintiff were caused directly and proximately by the negligent design, manufacturer and/or sale of the garden swing.

6. This Defendant owed a duty to the Plaintiff to exercise reasonable care to prevent injury to the Plaintiff, including the duty to warn of foreseeable dangers attendant with the proper and intended use of the garden swing including a duty to warn of the proper use and assembly of the garden swing and to provide reasonably proper and correct assembly instructions.

7. The injuries sustained by the Plaintiff were caused directly and proximately by the negligent failure of the Defendant to provide reasonable warnings to adequately notify the Plaintiff or others of the dangers attendant with the use of the garden swing, dangers known or reasonably foreseeable by the Defendant and/or the failure of the Defendant to provide reasonably proper and correct assembly instructions.

8. As a result of the Defendant's negligence as aforealleged, the Plaintiff has suffered and will continue to suffer severe and permanent injuries, suffered and will continue to suffer from both mental and physical pain, incurred expenses for medical attention, and has incurred and will continue to incur loss of earnings and was otherwise damage.

WHEREFORE, the Plaintiff, Kathleen Robert, demands judgment of the Defendant, Lowe's Home Improvement Warehouse, plus interest and cost.

### III
### BREACH OF WARRANTY
[Kathleen Robert vs. Lowe's Home Improving Warehouse]

9. The Plaintiff hereby incorporates by reference, adopts, and re-alleges every allegation contained in paragraphs 1 through 8 inclusive of this Complaint as if originally stated herein.

10. The injuries suffered by the Plaintiff were caused by Lowe's Home Improvement Warehouse's breach of warranty in that the garden swing designed, sold, distributed, supplied and/or provided to the Plaintiff by the Defendant was not fit for the purpose intended and/or not of merchantable quality.

11. The Plaintiff gave the Defendant seasonable, reasonable notice of said breaches of warranty.

WHEREFORE, Plaintiff, Kathleen Robert, demands judgment of the Defendant, Lowe's Home Improvement Warehouse plus interest and cost.

### IV
### LOSS OF CONSORTIUM
[Dennis Robert vs. Lowe's Home Improvement Warehouse.]

12. The Plaintiff, Dennis Robert hereby incorporates by reference, adopts, and re-alleges every allegation contained in paragraphs 1 through 11 inclusive of this Complaint as if originally stated herein.

13. Dennis Robert at all times pertinent to the incident alleged in this Complaint was and is the husband of Kathleen Robert.

14. As a direct result of the injuries suffered by Kathleen Robert, Dennis Robert has suffered loss of consortium, companionship, and society of his wife Kathleen Robert.

WHEREFORE, by reason of his losses as a result of the negligence and breach of warranty of the Defendant, Lowe's Home Improvement Warehouse as aforealleged, Dennis Robert demands judgment of the Defendant plus interest and cost.

## V
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
[Dennis Robert vs. Lowe's Home Improvement Warehouse.]

15. The Plaintiff, Dennis Robert hereby incorporates by reference, adopts, and re-alleges every allegation contained in paragraphs 1 through 14 inclusive of this Complaint as if originally stated herein.

16. Dennis Robert was present at the time of the alleged incident and present in the hospital shortly after the alleged incident. He then became emotionally distressed and suffered accompanying physical injuries.

17. As a direct and proximate result of the Defendant's negligence and breach of warranty as aforealleged, Dennis Robert has suffered and will continue to suffer emotional distress.

WHEREFORE, Dennis Robert demands judgment of Lowe's Home Improvement Warehouse plus interest and cost.

## VI
## VIOLATION OF M.G.L. c. 93A
[Kathleen Robert and Dennis Robert vs. Lowe's Home Improvement Warehouse]

18. The Plaintiffs hereby incorporate by reference, adopt and re-allege every allegation contained in paragraphs 1 through 17 inclusive of this Complaint as if originally stated herein.

19. The Defendant is engaged in trade and or commerce within the Commonwealth of Massachusetts.

20. The Defendant's breach of warranty in the manufacture, design, sale and distribution and supply of the garden swing as aforealleged constitutes a knowing and willful violation of M.G.L. c. 93A in that product failed to perform or fulfill promises or obligations arising under a warranty.

27. The Plaintiff has mailed to the Defendant a demand letter as required by M.G.L. c. 93A (a copy of said demand letter is attached hereto marked Exhibit A).

28. The Defendant has failed to tender a reasonable offer of settlement in response to the demand letter.

29. Therefore, the Defendant has engaged and continues to engage in knowing and willful violations of M.G.L. c. 93A.

WHEREFORE, Plaintiffs Kathleen Robert and Dennis Robert demand judgment of the Defendant, including actual and multiple damages pursuant to M.G.L. c. 93A, attorney's fees, costs, interest and whatever other relief this court deems just and fair.

THE PLAINTIFFS REQUEST TRIAL BY JURY ON ALL COUNTS.

THE PLAINTIFF
BY THEIR ATTORNEYS
LUKAKIS & EMMA

Dated: 5-11-05

Charles J. Emma, Esquire
850 High Street, Second Floor
Holyoke, MA  01040
BBO #:542126
(413) 536-7990

A true copy:

Attest:

Deputy Assistant Clerk

FILE COPY

CHARTIER, OGAN, BRADY, LUKAKIS & EMMA

ATTORNEYS AT LAW

850 HIGH STREET, SUITE 4
HOLYOKE, MASSACHUSETTS 01040-3723
TELEPHONE (413) 536-1395
FAX (413) 532-9583
e-MAIL info@coblse.com

65 EAST STREET
LUDLOW, MASSACHUSETTS 01056
(413) 547-2501

PETER F. BRADY
MICHAEL J. LUKAKIS
CHARLES J. EMMA*
MICHAEL T. SARNACKI
WILLIAM E. ROONEY

*Also Admitted in New Hampshire



JACOB OGAN         (1895-1990)
LOUIS Y. CHARTIER  (1912-1993)
NORMAN OGAN        (1922-2001)
JANE M. BARTELLO   (1950-1994)

Respond to Holyoke Address

September 9, 2004

**ATTN: Store Manager**
Lowe's Home Improvement Warehouse
Of East Springfield
1540 Boston Road
Springfield, MA 01129

RE: My Client:    Kathleen Robert

Dear Sir/Madam:

Please be advised that this office represents Kathleen Robert who resides at 28 Dunn Street, Chicopee, MA. Please consider this a demand for relief pursuant to M.G.L. c. 93A, the Massachusetts Consumer Protection Act.

On or about July 26, 2004, 51 year-old Kathleen Robert sustained severe personal injuries when she was injured by a defective garden swing sold by Lowe's of 1540 Boston Road, Springfield, MA. The garden swing, purchased on September 2, 2003 is identified as a "Garden Treasures Classics", "Sienna Garden Swing", Item Number 213735. The garden swing in question was designed, manufactured, and or sold by Lowe's. The defects include, among other things, a design defect. Specifically, the swing is unreasonably unstable because of a defective design pertaining to the attachment of the rope connectors to the seat. Such a design causes the swing to be unreasonably unstable and to flip backward. This is what happened to Mrs. Robert when she sat upon the swing and it slipped backward causing her serious injury. Please note that the swing is distributed L.G. Sourcing, Inc. of P.O. Box 1535, North Wilksboro, North Carolina, 28659.

Massachusetts law provides that as the retail seller of the defective product, Lowe's is jointly and severably liable to Mrs. Robert. Moreover, Lowe's owed a duty to Mrs. Robert to exercise reasonable care to prevent injury to her including the duty to warn a foreseeable dangers attendant with the proper an intended use of the garden swing. Mrs. Robert's injuries were caused directly and proximately by the negligent failure of Lowe's to

provide reasonable warning to adequately notify users of the garden swing of dangers known or reasonably foreseeable by Lowe's, particularly respecting dangers associated with the garden swing flipping over backward.

The garden swing in question, identified above, is devoid of any warnings or labels notifying users of the propensity of the swing to flip backward. The tragedy occurred when Mrs. Robert leaned upon the back of the garden swing and it flipped over causing her to sustain severe head, facial, and spinal injuries.

In addition to the negligent insufficiencies of the lack of warning labels as set forth above, the failure to provide an adequate warning constitutes a breach of the implied warranty of merchantability. Additionally, design defects, such as that indicated above, also constitute a breach of the implied warranty of merchantability. By definition, a warning is adequate if it is one that would come to the user's attention in the ordinary course. Conversely, a warning is insufficient if because of its location, size of print, verbiage employed, or otherwise it does not adequately notify users of the product's attendant dangers. In this particular case, the porch swing was devoid of any warnings. Under Massachusetts law "defective" products are in breach of the warranty of merchantability. Products may be defective because of defective packaging, defective labeling, defective warnings, or design defects. Moreover, any breach of warranty, including breach of the implied warranty of merchantability, constitutes a violation of Massachusetts General Laws Chapter 93A, the Massachusetts Consumer Protection Act. "It shall be an unfair or deceptive act or practice to fail to fulfill any promise or obligation under a warranty…." 940 C.M.R. sec 308 (2) (1978).

The foregoing establishes the inadequacy of the packaging, inadequacy of any labeling or warnings, and therefore, the product is in breach of the implied warranty of merchantability. Moreover, the location of the rope connectors limited only to the seat of the garden swing caused it to flip backward in an unstable and unreasonably safe manner. The design defect is an additional breach of the implied warranty of merchantability. As a direct result thereof, Kathleen Robert sustained severe injuries. Her pain and suffering, past, present, and future is significant. Without limitation, demand is hereby made for the sum of $ 3,000,000.00 as actual damages to compensate Kathleen Robert for her losses and damages.

Please be advised that unless the demands made herein are tendered within thirty (30) days of your receipt of this letter, a lawsuit will be filed against Lowe's seeking to recover not only actual damages incurred, but in addition multiple damages, attorney's fees, costs, all as contemplated by M.G.L. c. 93A because of the willful and intentional misconduct of Lowe's.

Respectfully Submitted,
Kathleen Robert,
By Her Attorney,

Charles J. Emma, Esquire

CJE:cms
Cc: Mrs. Robert
SENT CERTIFIED MAIL – RETURN RECEIPT REQUESTED
NO. 7003 1010 0003 0442 7824

Visit our WEB Site at www.coblse.com