UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO. 05C030134MAP

| | |
|---|---|
| KATHLEEN ROBERT AND )<br>DENNIS ROBERT )<br>    Plaintiffs )<br>vs. )<br>)<br>LOWE'S HOME CENTERS, INC. )<br>and CIMAL/IMR LTDA. )<br>    Defendants ) | **PLAINTIFFS' AMENDED**<br>**COMPLAINT AND REQUEST**<br>**FOR TRIAL BY JURY** |

## I PARTIES

1. The Plaintiff, Kathleen Robert is a natural person residing at 28 Dunn St., Chicopee Hampden County, Massachusetts.

2. The Plaintiff, Dennis Robert, is a natural person residing at 28 Dunn St., Chicopee, Hampden County, Massachusetts.

3. The Defendant, Lowe's Home Centers, Inc., is a duly organized business entity conducting business in the Commonwealth of Massachusetts at 1540 Boston Rd., Springfield, Hampden County Massachusetts.

4. The Defendant, CIMAL/IMR Ltda., is a foreign business entity with a principal place of business at Parque Industrial, Manzana 10, c/o. Mr. Larry B. Hansler, Santa Cruz, de la Sierra, Bolivia and with a principal place of business in the United States of America at IMR North American Sales office, 6709 Forest Lake Road, Land O'Lakes, WI 54540.

## II
## NEGLIGENT MANUFACTURE, DESIGN, SALE, FAILURE TO WARN
[Kathleen Robert vs. Lowe's Home Centers, Inc.]

5. On or about July 26, 2004 the Plaintiff, Kathleen Robert suffered severe injuries when she was injured by a defective garden swing designed, manufactured, or sold by this Defendant. The garden swing is identified as a "Garden Treasures Classics", "Siena Garden Swing" item number 213735.

6. The injuries sustained by the Plaintiff were caused directly and proximately by the negligent design, manufacturer and/or sale of the garden swing.

7. This Defendant owed a duty to the Plaintiff to exercise reasonable care to prevent injury to the Plaintiff, including the duty to warn of foreseeable dangers attendant with the proper and intended use of the garden swing including a duty to warn of the proper use and assembly of the garden swing and to provide reasonably proper and correct assembly instructions.

8. The injuries sustained by the Plaintiff were caused directly and proximately by the negligent failure of the Defendant to provide reasonable warnings to adequately notify the Plaintiff or others of the dangers attendant with the use of the garden swing, dangers known or reasonably foreseeable by the Defendant and/or the failure of the Defendant to provide reasonably proper and correct assembly instructions.

9. As a result of the Defendant's negligence as aforealleged, the Plaintiff has suffered and will continue to suffer severe and permanent injuries, suffered and will continue to suffer from both mental and physical pain, incurred expenses for medical attention, and has incurred and will continue to incur loss of earnings and was otherwise damage.

WHEREFORE, the Plaintiff, Kathleen Robert, demands judgment of the Defendant, Lowe's Home Centers, Inc., plus interest and cost.

### III
### BREACH OF WARRANTY
[Kathleen Robert vs. Lowe's Home Centers, Inc.]

10. The Plaintiff hereby incorporates by reference, adopts, and re-alleges every allegation contained in paragraphs 1 through 9 inclusive of this Complaint as if originally stated herein.

11. The injuries suffered by the Plaintiff were caused by Lowe's Home Centers, Inc.'s breach of warranty in that the garden swing designed, sold, distributed, supplied and/or provided to the Plaintiff by the Defendant was not fit for the purpose intended and/or not of merchantable quality.

12. The Plaintiff gave the Defendant seasonable, reasonable notice of said breaches of warranty.

WHEREFORE, Plaintiff, Kathleen Robert, demands judgment of the Defendant, Lowe's Home Centers, Inc. plus interest and cost.

## IV
## LOSS OF CONSORTIUM
[Dennis Robert vs. Lowe's Home Centers, Inc.]

13. The Plaintiff, Dennis Robert hereby incorporates by reference, adopts, and re-alleges every allegation contained in paragraphs 1 through 12 inclusive of this Complaint as if originally stated herein.

14. Dennis Robert at all times pertinent to the incident alleged in this Complaint was and is the husband of Kathleen Robert.

15. As a direct result of the injuries suffered by Kathleen Robert, Dennis Robert has suffered loss of consortium, companionship, and society of his wife Kathleen Robert.

WHEREFORE, by reason of his losses as a result of the negligence and breach of warranty of the Defendant, Lowe's Home Centers, Inc. as aforealleged, Dennis Robert demands judgment of the Defendant plus interest and cost.

## V
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
[Dennis Robert vs. Lowe's Home Centers, Inc.]

16. The Plaintiff, Dennis Robert hereby incorporates by reference, adopts, and re-alleges every allegation contained in paragraphs 1 through 15 inclusive of this Complaint as if originally stated herein.

17. Dennis Robert was present at the time of the alleged incident and present in the hospital shortly after the alleged incident. He then became emotionally distressed and suffered accompanying physical injuries.

18. As a direct and proximate result of the Defendant's negligence and breach of warranty as aforealleged, Dennis Robert has suffered and will continue to suffer emotional distress.

WHEREFORE, Dennis Robert demands judgment of Lowe's Home Centers, Inc. plus interest and cost.

<u>**VI**</u>
<u>**VIOLATION OF M.G.L. c. 93A**</u>
[Kathleen Robert and Dennis Robert vs. Lowe's Home Centers, Inc.]

19. The Plaintiffs hereby incorporate by reference, adopt and re-allege every allegation contained in paragraphs 1 through 18 inclusive of this Complaint as if originally stated herein.

20. The Defendant is engaged in trade and or commerce within the Commonwealth of Massachusetts.

21. The Defendant's breach of warranty in the manufacture, design, sale and distribution and supply of the garden swing as aforealleged constitutes a knowing and willful violation of M.G.L. c. 93A in that product failed to perform or fulfill promises or obligations arising under a warranty.

22. The Plaintiff has mailed to the Defendant a demand letter as required by M.G.L. c. 93A (a copy of said demand letter is attached hereto marked Exhibit A).

23. The Defendant has failed to tender a reasonable offer of settlement in response to the demand letter.

24. Therefore, the Defendant has engaged and continues to engage in knowing and willful violations of M.G.L. c. 93A.

WHEREFORE, Plaintiffs Kathleen Robert and Dennis Robert demand judgment of the Defendant, including actual and multiple damages pursuant to M.G.L. c. 93A, attorney's fees, costs, interest and whatever other relief this court deems just and fair.

<u>**VII**</u>
<u>**NEGLIGENT MANUFACTURE, DESIGN, SALE, FAILURE TO WARN**</u>
[Kathleen Robert vs. CIMAL/IMR Ltda.]

25. On or about July 26, 2004 the Plaintiff, Kathleen Robert suffered severe injuries when she was injured by a defective garden swing designed, manufactured, distributed or sold by this Defendant. The garden swing is identified as a "Garden Treasures Classics", "Siena Garden Swing" item number 213735.

26. The injuries sustained by the Plaintiff were caused directly and proximately by the negligent design, manufacturer, distribution and/or sale of the garden swing.

27. This Defendant owed a duty to the Plaintiff to exercise reasonable care to prevent injury to the Plaintiff, including the duty to warn of foreseeable dangers attendant with the proper and intended use of the garden swing including a duty to warn of the proper use and assembly of the garden swing and to provide reasonably proper and correct assembly instructions.

28. The injuries sustained by the Plaintiff were caused directly and proximately by the negligent failure of the Defendant to provide reasonable warnings to adequately notify the Plaintiff or others of the dangers attendant with the use of the garden swing, dangers known or reasonably foreseeable by the Defendant and/or the failure of the Defendant to provide reasonably proper and correct assembly instructions.

29. As a result of the Defendant's negligence as aforealleged, the Plaintiff has suffered and will continue to suffer severe and permanent injuries, suffered and will continue to suffer from both mental and physical pain, incurred expenses for medical attention, and has incurred and will continue to incur loss of earnings and was otherwise damage.

WHEREFORE, the Plaintiff, Kathleen Robert, demands judgment of the Defendant, CIMAL/IMR Ltda., plus interest and cost.

## VIII
## BREACH OF WARRANTY
[Kathleen Robert vs. CIMAL/IMR Ltda.]

30. The Plaintiff hereby incorporates by reference, adopts, and re-alleges every allegation contained in paragraphs 1 through 29 inclusive of this Complaint as if originally stated herein.

31. The injuries suffered by the Plaintiff were caused by CIMAL/IMR Ltda.'s breach of warranty in that the garden swing designed, sold, distributed, supplied and/or provided to the Plaintiff by the Defendant was not fit for the purpose intended and/or not of merchantable quality.

32. The Plaintiff gave the Defendant seasonable, reasonable notice of said breaches of warranty.

WHEREFORE, Plaintiff, Kathleen Robert, demands judgment of the Defendant, CIMAL/IMR Ltda. plus interest and cost.

## XVI
## LOSS OF CONSORTIUM
[Dennis Robert vs. CIMAL/IMR Ltda.]

33. The Plaintiff, Dennis Robert hereby incorporates by reference, adopts, and re-alleges every allegation contained in paragraphs 1 through 32 inclusive of this Complaint as if originally stated herein.

34. Dennis Robert at all times pertinent to the incident alleged in this Complaint was and is the husband of Kathleen Robert.

35. As a direct result of the injuries suffered by Kathleen Robert, Dennis Robert has suffered loss of consortium, companionship, and society of his wife Kathleen Robert.

WHEREFORE, by reason of his losses as a result of the negligence and breach of warranty of the Defendant, CIMAL/IMR Ltda. as aforealleged, Dennis Robert demands judgment of the Defendant plus interest and cost.

## XVII
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
[Dennis Robert vs. CIMAL/IMR Ltda.]

36. The Plaintiff, Dennis Robert hereby incorporates by reference, adopts, and re-alleges every allegation contained in paragraphs 1 through 35 inclusive of this Complaint as if originally stated herein.

37. Dennis Robert was present at the time of the alleged incident and present in the hospital shortly after the alleged incident. He then became emotionally distressed and suffered accompanying physical injuries.

38. As a direct and proximate result of the Defendant's negligence and breach of warranty as aforealleged, Dennis Robert has suffered and will continue to suffer emotional distress.

WHEREFORE, Dennis Robert demands judgment of CIMAL/IMR Ltda. plus interest and cost.

## XVIII
## VIOLATION OF M.G.L. c. 93A
[Kathleen Robert and Dennis Robert vs. CIMAL/IMR Ltda.]

39. The Plaintiffs hereby incorporate by reference, adopt and re-allege every allegation contained in paragraphs 1 through 38 inclusive of this Complaint as if originally stated herein.

40. The Defendant is engaged in trade and or commerce within the Commonwealth of Massachusetts.

41. The Defendant's breach of warranty in the manufacture, design, sale and distribution and supply of the garden swing as aforealleged constitutes a knowing and willful violation of M.G.L. c. 93A in that product failed to perform or fulfill promises or obligations arising under a warranty.

42. The Plaintiff has mailed to the Defendant a demand letter as required by M.G.L. c. 93A (a copy of said demand letter is attached hereto marked Exhibit B).

43. The Defendant has failed to tender a reasonable offer of settlement in response to the demand letter.

44. Therefore, the Defendant has engaged and continues to engage in knowing and willful violations of M.G.L. c. 93A.

THE PLAINTIFFS REQUEST TRIAL BY JURY ON ALL COUNTS.

                THE PLAINTIFFS
                BY THEIR ATTORNEYS
                LUKAKIS & EMMA

Dated: **August 10, 2005**      *Charles J. Emma*
                                              Charles J. Emma, Esquire
                                              850 High Street, Second Floor
                                              Holyoke, MA 01040
                                              BBO #:542126
                                              (413) 536-7990

**EXHIBIT "A"**

## CHARTIER, OGAN, BRADY, LUKAKIS & EMMA

ATTORNEYS AT LAW

| 850 HIGH STREET, SUITE 4 | 65 EAST STREET |
|---|---|
| HOLYOKE, MASSACHUSETTS 01040-3723 | LUDLOW, MASSACHUSETTS 01056 |
| TELEPHONE (413) 536-1395 | (413) 547-2501 |
| FAX (413) 532-9583 | |
| e-MAIL info@coblse.com | |

PETER F. BRADY
MICHAEL J. LUKAKIS
CHARLES J. EMMA*
MICHAEL T. SARNACKI
WILLIAM E. ROONEY

*Also Admitted in New Hampshire

JACOB OGAN           (1895-1990)
LOUIS Y. CHARTIER    (1912-1993)
NORMAN OGAN          (1922-2001)
JANE M. BARTELLO     (1950-1994)

Respond to Holyoke Address

September 9, 2004

**ATTN: Store Manager**
Lowe's Home Improvement Warehouse
Of East Springfield
1540 Boston Road
Springfield, MA 01129

RE: My Client:    Kathleen Robert

Dear Sir/Madam:

Please be advised that this office represents Kathleen Robert who resides at 28 Dunn Street, Chicopee, MA. Please consider this a demand for relief pursuant to M.G.L. c. 93A, the Massachusetts Consumer Protection Act.

On or about July 26, 2004, 51 year-old Kathleen Robert sustained severe personal injuries when she was injured by a defective garden swing sold by Lowe's of 1540 Boston Road, Springfield, MA. The garden swing, purchased on September 2, 2003 is identified as a "Garden Treasures Classics", "Sienna Garden Swing", Item Number 213735. The garden swing in question was designed, manufactured, and or sold by Lowe's. The defects include, among other things, a design defect. Specifically, the swing is unreasonably unstable because of a defective design pertaining to the attachment of the rope connectors to the seat. Such a design causes the swing to be unreasonably unstable and to flip backward. This is what happened to Mrs. Robert when she sat upon the swing and it slipped backward causing her serious injury. Please note that the swing is distributed L.G. Sourcing, Inc. of P.O. Box 1535, North Wilksboro, North Carolina, 28659.

Massachusetts law provides that as the retail seller of the defective product, Lowe's is jointly and severably liable to Mrs. Robert. Moreover, Lowe's owed a duty to Mrs. Robert to exercise reasonable care to prevent injury to her including the duty to warn a foreseeable dangers attendant with the proper an intended use of the garden swing. Mrs. Robert's injuries were caused directly and proximately by the negligent failure of Lowe's to provide reasonable warning to adequately notify users of the garden swing of dangers known or reasonably foreseeable by Lowe's, particularly respecting dangers associated with the garden swing flipping over backward.

The garden swing in question, identified above, is devoid of any warnings or labels notifying users of the propensity of the swing to flip backward. The tragedy occurred when Mrs. Robert leaned upon the back of the garden swing and it flipped over causing her to sustain severe head, facial, and spinal injuries.

In addition to the negligent insufficiencies of the lack of warning labels as set forth above, the failure to provide an adequate warning constitutes a breach of the implied warranty of merchantability. Additionally, design defects, such as that indicated above, also constitute a breach of the implied warranty of merchantability. By definition, a warning is adequate if it is one that would come to the user's attention in the ordinary course. Conversely, a warning is insufficient if because of its location, size of print, verbiage employed, or otherwise it does not adequately notify users of the product's attendant dangers. In this particular case, the porch swing was devoid of any warnings. Under Massachusetts law "defective" products are in breach of the warranty of merchantability. Products may be defective because of defective packaging, defective labeling, defective warnings, or design defects. Moreover, any breach of warranty, including breach of the implied warranty of merchantability, constitutes a violation of Massachusetts General Laws Chapter 93A, the Massachusetts Consumer Protection Act. "It shall be an unfair or deceptive act or practice to fail to fulfill any promise or obligation under a warranty...." 940 C.M.R. sec 308 (2) (1978).

The foregoing establishes the inadequacy of the packaging, inadequacy of any labeling or warnings, and therefore, the product is in breach of the implied warranty of merchantability. Moreover, the location of the rope connectors limited only to the seat of the garden swing caused it to flip backward in an unstable and unreasonably safe manner. The design defect is an additional breach of the implied warranty of merchantability. As a direct result thereof, Kathleen Robert sustained severe injuries. Her pain and suffering, past, present, and future is significant. Without limitation, demand is hereby made for the sum of $ 3,000,000.00 as actual damages to compensate Kathleen Robert for her losses and damages.

Please be advised that unless the demands made herein are tendered within thirty (30) days of your receipt of this letter, a lawsuit will be filed against Lowe's seeking to recover not only actual damages incurred, but in addition multiple damages, attorney's fees, costs, all as contemplated by M.G.L. c. 93A because of the willful and intentional misconduct of Lowe's.

        Respectfully Submitted,
        Kathleen Robert,
        By Her Attorney,


        Charles J. Emma, Esquire

CJE:cms
Cc: Mrs. Robert
SENT CERTIFIED MAIL – RETURN RECEIPT REQUESTED
NO. 7003 1010 0003 0442 7824

**EXHIBIT "B"**

## LUKAKIS & EMMA

ATTORNEYS AT LAW

850 HIGH STREET, Second Floor
HOLYOKE, MASSACHUSETTS 01040-3723
TELEPHONE (413) 536-7990
FAX (413) 536-7991
e-MAIL info@lukemmlaw.com

MICHAEL J. LUKAKIS                                      CHARLES J. EMMA*

*Also Admitted in New Hampshire

July 13, 2005


**Attn: Mr. Robert Simeone**
CIMAL/IMR Ltda.
C/o IMR North American Sales Office
6709 Forest Lake Road
Land O'Lakes, WI 54540

RE: My Client:    Kathleen Robert


Dear Mr. Simeone:

Please be advised that this office represents Kathleen Robert who resides at 28 Dunn Street, Chicopee, MA. Please consider this a demand for relief pursuant to M.G.L. c. 93A, the Massachusetts Consumer Protection Act.

On or about July 26, 2004, 51 year-old Kathleen Robert sustained severe personal injuries when she was injured by a defective garden swing sold by Lowe's of 1540 Boston Road, Springfield, MA. The garden swing, purchased on September 2, 2003 is identified as a "Garden Treasures Classics", "Sienna Garden Swing", Item Number 213735. The garden swing in question was designed, manufactured, and or sold by CIMAL/IMR Ltda. The defects include, among other things, a design defect. Specifically, the swing is unreasonably unstable because of a defective design pertaining to the attachment of the rope connectors to the seat. Such a design causes the swing to be unreasonably unstable and to flip backward. This is what happened to Mrs. Robert when she sat upon the swing and it slipped backward causing her serious injury. Please note that the swing is distributed L.G. Sourcing, Inc. of P.O. Box 1535, North Wilksboro, North Carolina, 28659.

Massachusetts law provides that as the distributor of the defective product, CIMAL/IMR Ltda. is jointly and severably liable to Mrs. Robert. Moreover, CIMAL/IMR Ltda. owed a duty to Mrs. Robert to exercise reasonable care to prevent injury to her including the duty to warn a foreseeable dangers attendant with the proper an intended use of the garden swing. Mrs. Robert's injuries were caused directly and proximately by the negligent failure of CIMAL/IMR Ltda. to provide reasonable warning to adequately notify users of the garden swing of dangers known or reasonably foreseeable by CIMAL/IMR Ltda., particularly respecting dangers associated with the garden swing flipping over backward.

The garden swing in question, identified above, is devoid of any warnings or labels notifying users of the propensity of the swing to flip backward. The tragedy occurred when Mrs. Robert leaned upon the back of the garden swing and it flipped over causing her to sustain severe head, facial, and spinal injuries.

In addition to the negligent insufficiencies of the lack of warning labels as set forth above, the failure to provide an adequate warning constitutes a breach of the implied warranty of merchantability. Additionally, design defects, such as that indicated above, also constitute a breach of the implied warranty of merchantability. By definition, a warning is adequate if it is one that would come to the user's attention in the ordinary course. Conversely, a warning is insufficient if because of its location, size of print, verbiage employed, or otherwise it does not adequately notify users of the product's attendant dangers. In this particular case, the porch swing was devoid of any warnings. Under Massachusetts law "defective" products are in breach of the warranty of merchantability. Products may be defective because of defective packaging, defective labeling, defective warnings, or design defects. Moreover, any breach of warranty, including breach of the implied warranty of merchantability, constitutes a violation of Massachusetts General Laws Chapter 93A, the Massachusetts Consumer Protection Act. "It shall be an unfair or deceptive act or practice to fail to fulfill any promise or obligation under a warranty...." 940 C.M.R. sec 308 (2) (1978).

The foregoing establishes the inadequacy of the packaging, inadequacy of any labeling or warnings, and therefore, the product is in breach of the implied warranty of merchantability. Moreover, the location of the rope connectors limited only to the seat of the garden swing caused it to flip backward in an unstable and unreasonably safe manner. The design defect is an additional breach of the implied warranty of merchantability. As a direct result thereof, Kathleen Robert sustained severe injuries. Her pain and suffering, past, present, and future is significant. Without limitation, demand is hereby made for the sum of $ 3,000,000.00 as actual damages to compensate Kathleen Robert for her losses and damages.

Please be advised that unless the demands made herein are tendered within thirty (30) days of your receipt of this letter, a lawsuit will be filed against CIMAL/IMR Ltda. seeking to recover not only actual damages incurred, but in addition multiple damages, attorney's fees, costs, all as contemplated by M.G.L. c. 93A because of the willful and intentional misconduct of CIMAL/IMR Ltda.

        Respectfully Submitted,
        Kathleen Robert,
        By Her Attorney,


        Charles J. Emma, Esquire

CJE:cms
Cc: Mrs. Robert
SENT CERTIFIED MAIL – RETURN RECEIPT REQUESTED
NO. 7003 3110 0003 2559 9786

## LUKAKIS & EMMA

ATTORNEYS AT LAW

850 HIGH STREET, Second Floor
HOLYOKE, MASSACHUSETTS 01040-3723
TELEPHONE (413) 536-7990
FAX (413) 536-7991
e-MAIL info@lukemmlaw.com

MICHAEL J. LUKAKIS                                                                                          CHARLES J. EMMA*

*Also Admitted in New Hampshire

August 10, 2005

**Thomas C. Federico, Esquire**
MORRISON, MAHONEY, LLP
250 Summer Street
Boston, MA  02210-1181

Re:   Kathleen Robert and Dennis Robert vs. Lowe's Home Centers, Inc. and CIMAL/IMR Ltda.
       United States District Court – District of Massachusetts
       Docket No.:       05C030134MAP

Dear Mr. Federico:

Pursuant to local Rule 15.1(B), please take notice that the Plaintiffs herein will be filing the attached Motion to Add a New Party and Amend Complaint Pursuant to F.R.C.P. Rule 15(a). The motion and proposed Amended Complaint will be filed on July 18, 2005.

Very truly yours,

LUKAKIS & EMMA

Charles J. Emma, Esquire

CJE:cms
Enclosures
Cc:    Mr. & Mrs. Dennis Robert

Visit our WEB Site at www.lukemmlaw.com

## LUKAKIS & EMMA

ATTORNEYS AT LAW

850 HIGH STREET, Second Floor
HOLYOKE, MASSACHUSETTS 01040-3723
TELEPHONE (413) 536-7990
FAX (413) 536-7991
e-MAIL info@lukemmlaw.com

MICHAEL J. LUKAKIS

CHARLES J. EMMA*

*Also Admitted in New Hampshire

August 10, 2005

**Attn: Robert Simeone**
CIMAL/IMR LTDA.
c/o IMR North American Sales Office
6709 Forest Lake Road
Land O' Lakes, WI  54540

Re:   Kathleen Robert and Dennis Robert vs. Lowe's Home Centers, Inc. and CIMAL/IMR Ltda.
         United States District Court – District of Massachusetts
         Docket No.:     05C030134MAP

Dear Sir:

Pursuant to local Rule 15.1(B), please take notice that the Plaintiffs herein will be filing the attached Motion to Add a New Party and Amend Complaint Pursuant to F.R.C.P. Rule 15(a). The motion and proposed Amended Complaint will be filed on July 18, 2005.

    Very truly yours,

    LUKAKIS & EMMA


    Charles J. Emma, Esquire

CJE:cms
Enclosures
Cc:    Mr. & Mrs. Dennis Robert

Visit our WEB Site at www.lukemmlaw.com

# LUKAKIS & EMMA

ATTORNEYS AT LAW

850 HIGH STREET, Second Floor
HOLYOKE, MASSACHUSETTS 01040-3723
TELEPHONE (413) 536-7990
FAX (413) 536-7991
e-MAIL info@lukemmlaw.com

MICHAEL J. LUKAKIS

CHARLES J. EMMA*

*Also Admitted in New Hampshire

August 10, 2005

CIMAL/IMR Ltda.
c/o Mr. Larry B. Hansler
Parque Industrial Management
10 Santa Cruz
de la Sierra Bolivia

Re: Kathleen Robert and Dennis Robert vs. Lowe's Home Centers, Inc. and CIMAL/IMR Ltda.
    United States District Court – District of Massachusetts
    Docket No.:    05C030134MAP

Dear Sir:

Pursuant to local Rule 15.1(B), please take notice that the Plaintiffs herein will be filing the attached Motion to Add a New Party and Amend Complaint Pursuant to F.R.C.P. Rule 15(a). The motion and proposed Amended Complaint will be filed on July 18, 2005.

Very truly yours,

LUKAKIS & EMMA

Charles J. Emma, Esquire

CJE:cms
Enclosures
Cc:    Mr. & Mrs. Dennis Robert

Visit our WEB Site at www.lukemmlaw.com