UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO: 05CV30134-MAP

|  |  |
|---|---|
| KATHLEEN ROBERT and <br> DENNIS ROBERT, <br>     Plaintiffs, <br> <br> v. <br> <br> LOWE'S HOME CENTERS, INC. and <br> CIMAL/IMR LTDA, <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT, LOWE'S HOME CENTERS, INC.'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT AND JURY DEMAND**

Defendant, Lowe's Home Centers Inc. ("Lowe's"), responds to the plaintiffs' Amended Complaint paragraph by paragraph as follows:

### I.   PARTIES

1. Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

2. Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2.

3. Admitted.

4. Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4.

### II.   NEGLIGENT MANUFACTURE, DESIGN, SALE, FAILURE TO WARN
(Kathleen Robert v. Lowe's Home Centers, Inc.)

5. Denied.

6. Denied.

960835v1

7. Denied.

8. Paragraph 8 calls for a legal conclusion for which no response is required. To the extent that a response is required, Lowe's denies all allegations.

9. Denied.

WHEREFORE, defendant Lowe's Home Centers, Inc. denies that the plaintiff is entitled to relief in any amount.

### III. BREACH OF WARRANTY
(Kathleen Robert v. Lowe's Home Centers, Inc.)

10. Lowe's repeats and realleges its responses to Paragraphs 1 through 9 as if set forth in full herein.

11. Denied.

12. Denied.

WHEREFORE, defendant Lowe's Home Centers, Inc. denies that the plaintiff is entitled to relief in any amount.

### IV. LOSS OF CONSORTIUM
(Dennis Robert v. Lowe's Home Centers, Inc.)

13. Lowe's repeats and realleges its responses to Paragraphs 1 through 12 as if set forth in full herein.

14. Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.

15. Denied.

WHEREFORE, defendant Lowe's Home Centers, Inc. denies that the plaintiff is entitled to relief in any amount.

## V.  NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
(Dennis Robert v. Lowe's Home Centers, Inc.)

16. Lowe's repeats and realleges its responses to Paragraphs 1 through 15 as if set forth in full herein.

17. Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16.

18. Denied.

WHEREFORE, defendant Lowe's Home Centers, Inc denies that the plaintiff is entitled to relief in any amount.

## VI.  VIOLATION OF MASS. GEN. LAWS CH. 93A
(Kathleen Robert and Dennis Robert v. Lowe's Home Centers, Inc.)

19. Lowe's repeats and realleges its responses to Paragraphs 1 through 18 as if set forth in full herein.

20. Paragraph 20 calls for a legal conclusion for which no response is required. In further answering, Lowe's admits that it does business in Massachusetts.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

WHEREFORE, defendant Lowe's Home Centers, Inc denies that the plaintiffs are entitled to relief in any amount.

### VII. NEGLIGENT MANUFACTURE, DESIGN, SALE, FAILURE TO WARN
(Kathleen Robert v. CIMAL/IMR Ltda.)

25. Paragraph 25 refers to another entity for which Lowe's does not need to respond. To the extent Paragraph 25 contains any allegations against Lowe's, such allegations are denied.

26. Paragraph 26 refers to another entity for which Lowe's does not need to respond. To the extent Paragraph 26 contains any allegations against Lowe's, such allegations are denied.

27. Paragraph 27 refers to another entity for which Lowe's does not need to respond. To the extent Paragraph 27 contains any allegations against Lowe's, such allegations are denied.

28. Paragraph 28 refers to another entity for which Lowe's does not need to respond. To the extent Paragraph 28 contains any allegations against Lowe's, such allegations are denied.

29. Paragraph 29 refers to another entity for which Lowe's does not need to respond. To the extent Paragraph 29 contains any allegations against Lowe's, such allegations are denied.

WHEREFORE, defendant, Lowe's Home Centers, Inc. denies that the plaintiff is entitled to relief in any amount.

### VIII. BREACH OF WARRANTY
(Kathleen Robert v. CIMAL/IMR Ltda.)

30. Lowe's repeats and realleges its responses to Paragraphs 1 through 29 as if set forth in full herein.

960835v1

31. Paragraph 31 refers to another entity for which Lowe's does not need to respond. To the extent Paragraph 31 contains any allegations against Lowe's, such allegations are denied.

32. Paragraph 32 refers to another entity for which Lowe's does not need to respond. To the extent Paragraph 32 contains any allegations against Lowe's, such allegations are denied.

WHEREFORE, defendant Lowe's Home Centers, Inc. denies that the plaintiff is entitled to relief in any amount.

### IX.    LOSS OF CONSORTIUM
(Dennis Robert v. CIMAL/IMR Ltda.)

33. Lowe's repeats and realleges its responses to Paragraphs 1 through 32 as if set forth in full herein.

34. Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34.

35. Paragraph 35 refers to another entity for which Lowe's does not need to respond. To the extent Paragraph 35 contains any allegations against Lowe's, such allegations are denied.

WHEREFORE, defendant Lowe's Home Centers, Inc. denies that the plaintiff is entitled to relief in any amount.

### X.    NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
(Dennis Robert v. CIMAL/IMR Ltda.)

36. Lowe's repeats and realleges its responses to Paragraphs 1 through 35 as if set forth in full herein.

960835v1

37. Paragraph 37 refers to another entity for which Lowe's does not need to respond. To the extent Paragraph 37 contains any allegations against Lowe's, such allegations are denied.

38. Paragraph 38 refers to another entity for which Lowe's does not need to respond. To the extent Paragraph 38 contains any allegations against Lowe's, such allegations are denied.

WHEREFORE, defendant Lowe's Home Centers, Inc denies that the plaintiff is entitled to relief in any amount.

### XI.    VIOLATION OF MASS. GEN. LAWS CH. 93A
(Kathleen Robert and Dennis Robert v. CIMAL/IMR Ltda.)

39. Lowe's repeats and realleges its responses to Paragraphs 1 through 38 as if set forth in full herein.

40. Paragraph 40 refers to another entity for which Lowe's does not need to respond. To the extent Paragraph 40 contains any allegations against Lowe's, such allegations are denied.

41. Paragraph 41 refers to another entity for which Lowe's does not need to respond. To the extent Paragraph 41 contains any allegations against Lowe's, such allegations are denied.

42. Paragraph 42 refers to another entity for which Lowe's does not need to respond. To the extent Paragraph 42 contains any allegations against Lowe's, such allegations are denied.

43. Paragraph 43 refers to another entity for which Lowe's does not need to respond. To the extent Paragraph 43 contains any allegations against Lowe's, such allegations are denied.

44. Paragraph 44 refers to another entity for which Lowe's does not need to respond. To the extent Paragraph 44 contains any allegations against Lowe's, such allegations are denied.

WHEREFORE, defendant Lowe's Home Centers, Inc denies that the plaintiffs are entitled to relief in any amount.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Lowe's denies each and every allegation of plaintiffs' Complaint except as specifically admitted above.

## THIRD AFFIRMATIVE DEFENSE

Lowe's is guilty of no negligence.

## FOURTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Lowe's says that if the plaintiff suffered damages as alleged, someone for whose conduct this defendant was not and is not legally responsible caused such damages.

## FIFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Lowe's says that the negligence of the plaintiff was greater than the alleged negligence of Lowe's and that such negligence of the plaintiff contributed to her alleged injuries and, therefore, the plaintiffs are barred from recovery under Mass. Gen. Laws ch. 231, § 85.

## SIXTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Lowe's says the plaintiffs are guilty of contributory negligence and that the damages, if any, recovered by the plaintiffs from Lowe's should be reduced in proportion to the said negligence of the plaintiffs in accordance with Mass. Gen. Laws ch. 231, § 85.

## SEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Lowe's states that if the plaintiffs suffered injuries, such injuries were a result of the plaintiffs' breach of their duty to exercise due care to protect and ensure their own safety.

## EIGHTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Lowe's states that the damage alleged by the plaintiffs was caused in whole or in party by the negligence of the plaintiffs.

## NINTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Lowe's states that if the plaintiffs were injured as alleged, such injuries were due to the acts or negligence of another, which constitutes an intervening, superceding cause, and therefore Lowe's is not liable.

## TENTH AFFIRMATIVE DEFENSE

The product involved in this action was changed in substance and form after it left the control of the defendant, either by the plaintiffs or by one for whose conduct the defendant is not responsible, and such changes were the actual causes of the plaintiffs' injuries and damage.

960835v1

## ELEVENTH AFFIRMATIVE DEFENSE

The plaintiffs failed to give due notice to the defendants of the alleged breach of warranty as required by law, and the defendants were prejudiced thereby; wherefore, the plaintiffs cannot recover.

## TWELFTH AFFIRMATIVE DEFENSE

The product involved in this action was abused and misused after it left the control of the defendant by the plaintiffs or by someone or something for whose conduct the defendant is not responsible, and such abuse and misuse was the actual causes of the plaintiffs' injuries and damage.

## THIRTEENTH AFFIRMATIVE DEFENSE

Any alleged warranty or warranties were excluded or never made.

## FOURTEENTH AFFIRMATIVE DEFENSE

The plaintiffs' alleged injuries and damages were not proximately caused by the defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant says that it has no liability to the plaintiff for the reason that the warranty which the plaintiff alleges was breached and excluded by the defendant and never made to the plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant says that the plaintiffs have failed to comply with the conditions precedent to bringing an action pursuant to Mass. Gen. Laws ch. 93A.

960835v1

## SEVENTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Complaint fails to state a claim against the defendant upon which relief can be granted in that the plaintiffs are not entitled to recovery under Mass. Gen. Law ch. 93A.

## EIGHTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant says that its products were adequately labeled and contained appropriate warnings.

## NINETEENTH AFFIRMATIVE DEFENSE

Lowe's reserves the right to add such other and further defenses as become apparent in the course of discovery.

## JURY CLAIM

DEFENDANT LOWE'S HOME CENTERS, INC. DEMANDS A TRIAL BY JURY AS TO ALL ISSUES.

Respectfully Submitted By,

Counsel for Defendant,
Lowe's Home Centers, Inc.
By its attorneys,

/s/ *Grace V. Garcia*
_____
Thomas C. Federico, BBO #160830
Grace V. Bacon Garcia, BBO #640970
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210-1181
(617) 439-7500

960835v1

## CERTIFICATE OF SERVICE

I hereby certify that this document has been electronically filed, and served upon all counsel of record in compliance with the Fed. R. Civ. P.. this 31st day of August, 2005.

/s/ *Grace V. Garcia*
_____
Grace V. Garcia

11

960835v1