UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO.: 2005CV-30134

KATHLEEN ROBERT AND DENNIS ROBERT )
    Plaintiffs )
 )
v. )
 )
LOWE'S HOME CENTERS, INC. and )
CIMAL/IMR LTDA. )
    Defendants )

**ANSWER OF THE DEFENDANT, CIMAL/IMR LTDA., TO THE COMPLAINT OF THE PLAINTIFFS, KATHLEEN ROBERT AND DENNIS ROBERT**

FIRST DEFENSE

The Defendant, CIMAL/IMR LTDA., answers the separately numbered paragraphs of the Amended Complaint as follows:

1. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

3. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

4. The defendant denies the allegations contained in this paragraph.

II
**NEGLIGENT MANUFACTURE, DESIGN, SALE, FAILURE TO WARN**
**(Kathleen Robert v. Lowe's Home Centers, Inc.)**

5. The defendant makes no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendant, CIMAL/IMR LTDA. To the extent

that they do state a claim against the defendant, they are hereby expressly denied.

6. The defendant makes no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendant, CIMAL/IMR LTDA. To the extent that they do state a claim against the defendant, they are hereby expressly denied.

7. The defendant makes no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendant, CIMAL/IMR LTDA. To the extent that they do state a claim against the defendant, they are hereby expressly denied.

8. The defendant makes no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendant, CIMAL/IMR LTDA. To the extent that they do state a claim against the defendant, they are hereby expressly denied.

9. The defendant makes no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendant, CIMAL/IMR LTDA. To the extent that they do state a claim against the defendant, they are hereby expressly denied.

### III
### BREACH OF WARRANTY
(Kathleen Robert v. Lowe's Home Centers, Inc.)

10. The defendant makes no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendant, CIMAL/IMR LTDA. To the extent

that they do state a claim against the defendant, they are hereby expressly denied.

11. The defendant makes no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendant, CIMAL/IMR LTDA. To the extent that they do state a claim against the defendant, they are hereby expressly denied.

12. The defendant makes no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendant, CIMAL/IMR LTDA. To the extent that they do state a claim against the defendant, they are hereby expressly denied.

### IV
### LOSS OF CONSORTIUM
#### (Dennis Robert v. Lowe's Home Centers, Inc.)

13. The defendant makes no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendant, CIMAL/IMR LTDA. To the extent that they do state a claim against the defendant, they are hereby expressly denied.

14. The defendant makes no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendant, CIMAL/IMR LTDA. To the extent that they do state a claim against the defendant, they are hereby expressly denied.

15. The defendant makes no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendant, CIMAL/IMR LTDA. To the extent

that they do state a claim against the defendant, they are hereby expressly denied.

**V**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**(Dennis Robert v. Lowe's Home Centers, Inc.)**

16. The defendant makes no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendant, CIMAL/IMR LTDA. To the extent that they do state a claim against the defendant, they are hereby expressly denied.

17. The defendant makes no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendant, CIMAL/IMR LTDA. To the extent that they do state a claim against the defendant, they are hereby expressly denied.

18. The defendant makes no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendant, CIMAL/IMR LTDA. To the extent that they do state a claim against the defendant, they are hereby expressly denied.

**VI**
**VIOLATION OF M.G.L. c. 93A**
**(Kathleen Robert and Dennis Robert v. Lowe's Home Centers, Inc.)**

19. The defendant makes no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendant, CIMAL/IMR LTDA. To the extent that they do state a claim against the defendant, they are hereby expressly denied.

20. The defendant makes no answer to the allegations

contained in this paragraph as they do not purport to state a claim against the defendant, CIMAL/IMR LTDA. To the extent that they do state a claim against the defendant, they are hereby expressly denied.

21. The defendant makes no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendant, CIMAL/IMR LTDA. To the extent that they do state a claim against the defendant, they are hereby expressly denied.

22. The defendant makes no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendant, CIMAL/IMR LTDA. To the extent that they do state a claim against the defendant, they are hereby expressly denied.

23. The defendant makes no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendant, CIMAL/IMR LTDA. To the extent that they do state a claim against the defendant, they are hereby expressly denied.

24. The defendant makes no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendant, CIMAL/IMR LTDA. To the extent that they do state a claim against the defendant, they are hereby expressly denied.

### VII
### NEGLIGENT MANUFACTURE, DESIGN, SALE, FAILURE TO WARN
### (Kathleen Robert v. CIMAL/LMR LTDA.)

25. The defendant denies the allegations contained in

this paragraph.

26. The defendant denies the allegations contained in this paragraph.

27. The defendant denies the allegations contained in this paragraph.

28. The defendant denies the allegations contained in this paragraph.

29. The defendant denies the allegations contained in this paragraph.

### VIII
### BREACH OF WARRANTY
### (Kathleen Robert v. CIMAL/LMR LTDA)

30. The defendant denies the allegations contained in this paragraph.

31. The defendant denies the allegations contained in this paragraph.

32. The defendant denies the allegations contained in this paragraph.

The plaintiff failed to assert Counts IX through XV. To the extent any Counts are pled from IX to XV, they are hereby expressly denied.

### XVI
### LOSS OF CONSORTIUM
### (Dennis Robert v. CIMAL/LMR LTDA)

33. The defendant denies the allegations contained in this paragraph.

34. The defendant denies the allegations contained in this paragraph.

35. The defendant denies the allegations contained in

this paragraph.

## XVII
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (Dennis Robert v. CIMAL/IMR LTDA)

36. The defendant denies the allegations contained in this paragraph.

37. The defendant denies the allegations contained in this paragraph.

38. The defendant denies the allegations contained in this paragraph.

## XVIII
## VIOLATION OF M.G.L. c. 93A
### (Kathleen Robert and Dennis Robert v. CIMAL/LMR LTDA)

39. The defendant denies the allegations contained in this paragraph.

40. The defendant denies the allegations contained in this paragraph.

41. The defendant denies the allegations contained in this paragraph.

42. The defendant denies the allegations contained in this paragraph.

43. The defendant denies the allegations contained in this paragraph.

44. The defendant denies the allegations contained in this paragraph.

### SECOND DEFENSE

The plaintiff has failed to comply with the notice requirements of G.L. c. 93A and, therefore, the Complaint should be dismissed.

### THIRD DEFENSE

The plaintiff has failed to provide timely notice of any breach of warranty, thus the plaintiff is barred from recovery.

### FOURTH DEFENSE

The Complaint fails to state a claim against the defendant upon which relief can be granted and, therefore, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### FIFTH DEFENSE

This court lacks jurisdiction over the person of the defendant and, therefore, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

### SIXTH DEFENSE

The Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue.

### SEVENTH DEFENSE

The Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(4) for insufficiency of process.

### EIGHTH DEFENSE

The Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) for insufficiency of service of process.

### NINTH DEFENSE

The Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(8) for misnomer of a party.

### TENTH DEFENSE

The Complaint should be dismissed pursuant to Fed. R.

Civ. P. 12(b)(6) on the grounds that if the product was dangerous and defective, the plaintiff knew that and continued to use it in a way that could cause harm.

### ELEVENTH DEFENSE

At the time of the alleged accident the plaintiff was intentionally misusing the product and, therefore, the Complaint should be dismissed.

### TWELFTH DEFENSE

The Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that the product was altered.

### THIRTEENTH DEFENSE

The Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that the plaintiff, Dennis Robert/and or his wife, Kathleen Robert, knowingly assembled the product improperly, or in a manner known to be contrary to the design of the product.

### FOURTEENTH DEFENSE

If the plaintiffs are entitled to recover against the defendant, any such recovery must be reduced in accordance with the comparative negligence statute, G.L. c. 231, sec. 85, since the negligence of the plaintiffs was the proximate cause of the injuries allegedly sustained.

### FIFTEENTH DEFENSE

The plaintiffs were more than 50% at fault in causing the alleged injuries and, therefore, are barred from recovery by the comparative negligence statute, G.L. c. 231, sec. 85.

SIXTEENTH DEFENSE

The acts or omissions which are alleged to have caused the damages and/or injuries referred to in the Complaint were committed by a third party who was not an agent or employee of the defendant and for whose acts or omissions the defendant is not legally responsible.

SEVENTEENTH DEFENSE

The plaintiffs have failed to mitigate, minimize or avoid damages, if any, alleged in the plaintiffs' Complaint; accordingly, any recovery must be reduced by the amount of damage resulting from such failure.

EIGHTEENTH DEFENSE

This action is barred by the statute of repose, G.L. c. 260, sec. 2B.

NINETEENTH DEFENSE

The Complaint should be dismissed where the injuries alleged were caused by the acts, omissions and/or negligence of others which constitutes a superseding intervening case and, therefore, the defendant is not liable.

THE DEFENDANT DEMANDS A TRIAL BY JURY.

WHEREFORE, the Defendant demands that this action be

dismissed and that judgment enter in the Defendants' favor together with costs.

Date: Nov. 12, 2005

THE DEFENDANT,
CIMAL/LMR LTDA.
BY ITS ATTORNEYS,

_____
Anthony M. Campo, BBO# 552093
Mark W. Shaughnessy, BBO# 567839
Boyle, Morrissey & Campo, P.C.
695 Atlantic Avenue
Boston, MA 02111
(617) 451-2000
FAX: (617) 451-5775

CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(a), I, Anthony M. Campo, do hereby certify that a copy of the foregoing documents have been served via hand delivery and/or facsimile and regular mail on all parties or their representatives in this action as listed below:

Thomas C. Federico, Esq.
Morrison Mahoney LLP
250 Summer St.
Boston, MA 02210

Charles J. Emma, Esq.
Lukakis & Emma
850 High St, 2nd Fl.
Holyoke, MA  01040

SIGNED UNDER THE PENALTIES OF PERJURY THIS 12th DAY OF ___Nov.___, 20 05.

_____
Anthony M. Campo, BBO# 552093
Boyle, Morrissey & Campo, P.C.
695 Atlantic Avenue
Boston, MA 02111
(617) 451-2000
FAX: (617) 451-5775